Thank you, Your Honor. May it please the Court, my name is Christopher Slotty. I represent Steve Durand, the appellate. Mr. Durand was working for the FAA when he was injured in a helicopter crash due to the negligence of a third party. He received FECA benefits as a result. After he received FECA benefits, the Office of Workers' Compensation Program sent him a letter telling him he had to sue that third party. If he did not comply with the request of the Office of OWCPA or OWCP, he would lose his FECA benefits. So, that's important because the government under FECA also had the right to sue that third party itself. And if the government had sued that third party, it would have incurred litigation costs, and then when it received a recovery from the third party, either through settlement or judgment, it would have been immediately and 100% reimbursed all of its litigation costs. So, Durand, complying with OWCP, sued the third party and then eventually settled his claims against them, and in doing so incurred litigation costs. He got a pretty healthy award, didn't he? He did, but that's irrelevant to the point of whether or not they had an obligation, the government had an obligation to contribute to his litigation costs. Those are still costs that were incurred by Durand, and because he got that healthy award, he was able to fully repay the government the FECA benefits that it provided. Look to me at the end of all of this when you get to the whole sort of, you look at what the government recovered and what he recovered. In those instances where a plaintiff gets a large recovery like this, the way the scheme is set up, it's the litigant bears the cost of the litigation. But in other instances where the award might be a nominal amount or a smaller amount, less than what was paid under FECA, the government helps pay for the costs. What's wrong with that scheme that the government, that they've set up here? Because it doesn't comply with the statute. How? Because the statute says that the government has to deduct litigation costs, cost of suit, and attorney's fees. Well, they did that here. They deducted the cost of suit from the amount of the award. Well, our argument is that the statute doesn't say that they get to deduct the cost of suit from the award, that they have to deduct the cost of suit from the reimbursement amount. It doesn't say that, though. I'm looking right at the statute. It says that if the plaintiff, as a result of suit or settlement by him or on his behalf, prevails, that the beneficiary after deducting therefrom, and therefrom clearly refers back to the suit or settlement, not the refund amount. So is our position that when you read that statute in light of the legislative history, in light of applicable equitable principles, in light of the common law, that that word therefrom, that statute should be read as referring to deduction of costs from the reimbursement amount? Why would we do that when it appears to be plain on its face that therefrom clearly refers back to suit or settlement? Because otherwise. Do you agree with that, at least textually? I think that I agree that it can be read that way. But I think that that's what you'll ask the Supreme Court. It's not binding on this Court, of course. But provided it addressed the exact same issue and provides a good analysis and good persuasive reasoning as to why that statute should be read as providing for a deduction of costs from the reimbursement amount. The case is Cooper v. Argonaut. It was cited in our briefs. It's 556p2, 525. And there, the Alaska Supreme Court is objecting a state statute that also provided for saying that when an employee is injured while on the job and gets workers' comp benefits and then gets a settlement and then has to repay the employer for those benefits. And the Court said the language was the same as this one? It was very similar. It's not identical, but it's similar. And to point that out, the Court says, the Alaska Supreme Court said, the statute could be read in two different ways. One would require a deduction of fees and costs from the reimbursement amount. The other would only require a deduction of the costs from the settlement amount. And, in fact, in Cooper v. Argonaut, the Court said grammatically it would be more proper to read the statute as requiring a deduction of costs from the settlement amount as opposed to the reimbursement amount. But it didn't hold that that's what the statute meant, that's what the statute required. And it didn't for the same reasons why this statute, 8132, should also be read as similar in this case. For example, first, the government was greatly benefited by Duran's litigation efforts. And the government will be unjustly enriched if it doesn't contribute to Duran's litigation costs. It gets a free ride. Second, the government had the right to bring the suit itself. It could have brought the suit. It could have gotten the recovery. And if it had, it would have been 100 percent reimbursed. And, in fact, but instead it chose, told Duran, you have to file the suit, you have to incur the costs, and then it doesn't contribute to those costs. Well, I'm looking at the language in Cooper. It's in footnote 4, and it looks like nothing like our language. It's on 556 Pacific 2nd, 526 footnote 4. I think that's the output of language. It looks nothing like ours. Well, the language of the state statute says, if the employee or the employee's representative recovers damages from the third person, the employee or representative shall promptly pay to the employer the total amounts paid by the employer under required by the statute, insofar as the recovery is sufficient after deducting all litigation costs and expenses. And I think, as the ostomy court recognized, that case, that statute can be grammatically read to say you have to repay them after you deduct fees and costs from the gross settlement. After deducting all litigations and costs, insofar as the recovery is sufficient. I think that, so that's. It doesn't have the key word therefrom, which in our case, as Judge Burns has suggested, points backwards to the last thing mentioned, which would have been the award gotten from the third party. This does not have that key word in there. It doesn't have the word therefrom. That's true. But I still think, as the last court recognized, it should be, grammatically, it would be read to require deduction from the settlement amount and not the reimbursement amount. And I think that the same. I'm still having trouble figuring out how you can grammatically read our language to do that. Well, I think in applying the equitable principles, applying principles of construing FICA in favor of the employee and construing it in a way that does not result in an unjust benefit of the government, in almost every single case, I think that the more rational, the more reasonable construction of it is, as Cooper recognized, to get to a result that's consistent with almost all other workers' compensation statutes in the United States, that the person who's being benefited by the employee's litigation has to contribute something to the litigation costs. Because otherwise, again, the government is free. And I, again, return to 8131, which is the statute that allows the government. Actually, Judge Kaczynski asked you to, you know, he asked a question. He asked to listen to the question, to answer the question. And you shifted off, in response to his question, you shifted off into equitable principles and whatnot. But his question was, grammatically, how do you read this to achieve the result that you're advocating here? I mean, if you read therefrom, doesn't that refer back to the antecedent, the subject, which is the result of suit or settlement? I think that you can read it as therefrom is referring to the deduct, the refund amounts, and both for the equitable reasons. What rule would you apply? Where does that rule, you say you can do that, but what rule allows you to do that? Well, I think it's a rule. Some grammatical rule? No, I think it's a rule of statutory construction. What rule of statutory construction, then, would allow you to do that? I think, one, relying on common law principles to inform. You said rules of statutory construction. Well, I think that is a rule of statutory construction. You don't construe the statute in a vacuum. You construe it in light of policy considerations. You construe it in light of the laws it was when the Congress enacted it. I'd also point to, if you look to the legislative history of the statute, which, again, this was a very old statute, and it's been modified at times, but the original version of the statute was always intended to remain the same. Even though it got subsequently modified, the legislative history is pretty clear that the regulation of the statute was actually not being changed. And if you look to the original form of the statute, it would say, I don't have the specific site in my notes, but it's 38 Stat. 747. The original statute was talking about if the employee recovers in injury or recovery, any money or other property in satisfaction of the liability of such other person, such beneficiary shall, after deducting the cost of suit and a reasonable attorney's fee, apply the money or property to be received in the following manner. And then it talks about the refund and then the credit. And I think in reading that, that also is legislative history. That is something that can be used to inform on 8132 and actually controls 8132 because, again, the legislative history is clear that the requirements of that original statute were not intended to change at any point in time. Even though it got reworded, the clear legislative history is that it was reworded as part of the recodification of the statute into Title V, and there was no substantive change intended. So I think if you look back to the original statute, that can be used to establish the issue. I just have one, just one historical question. That is, what was the amount, both you and the government, and you disagree about the amount of litigation costs that were an issue. I think the government, I think you claimed 58,000 and the government said 48,000, something like that? I was actually starting to look and try to figure it out actually last night because I noticed that too. And it was never. You've been working with this case for many years, right? I'm sorry? This has been your case for a while? I was, well, yes, but I have not this, not the underlying litigation costs case, no, just the fight over the reimbursement amount. The reimbursement amount was addressed on summary judgment. The solely legal issue we haven't addressed. Just for, do you know which is the correct amount? I believe it's a dispute over whether or not the 58,000 should be, some portion of that should be allocated to the wife's recovery, which was she recovered some amount for loss consortium versus the, all of the amount goes to the reimbursement. And also there might be a dispute over the actual amount of litigation costs that can be reimbursed or not. But I think that's what the disputes are. But that was not addressed or has it been needed to be addressed yet. So if I have any time remaining, I'll reserve it. Thank you. Do you have any view on whether we owe the government deference, a Chevron deference on this? Well, one, that issue was not actually raised below in the trial court, and it was not raised in the repeal brief. So I think that it's not a jurisdictional issue, so it's been waived. But two, if the court reaches that issue, I don't think there is a deference owed here. Because the issue is not whether or not the regulation is, construction of the regulation. The issue is what does the statute mean. And Chevron deference will apply when the statute does not address the issue, when there's a silence there, when there's a gap, and the agency has been given the deference or the discretion to fill in that gap. And our position is the statute, there is no gap. But Chevron applied when there's language is ambiguous. That as well. But, again, I don't think that statute here is ambiguous. It says it requires a deduction. It says what the statute, what is to be deducted. Well, you've already said that it could be construed as I had suggested, but you said that's another construction. So you've already given away that. Well, it's an ambiguity. I mean, I think the first step of the court is say what does the statute mean. And, of course, even if the court then needs to define what the statute means, and if the statute means X, even if it's a, the agency's construction is technically within, could be a technical reading of it, that's not necessarily going to be recorded deference or control. Why not? Because I think that when you construe the statute, the only reasonable way, the only reasonable construction of the statute is to require reimbursement or deduction from the reimbursement amount. That the result where you have a case where the government is not contributing at all to litigation costs is not a reasonable construction of that statute. Okay. We'll hear from the government. Thank you. Thank you, Your Honors. I'm pleased to court Thomas Giblin on behalf of the Department of Labor. The answer to the question presented here is evident in the face of the statute. As Section 8132, by its own terms, requires that the respondent pay the disputed sum. That is a quote from the Supreme Court in Lorenzetti. And that is the approach that the court took when it was faced with an issue involving Section 8132. And it's precisely the approach that has to be applied here. As discussed with counsel, the statute here is clear. We have the word after deducting therefrom. It can only refer back to the recovery. That's the only way it can be read, and it has to be followed in this case. And the Secretary has followed it. It has deducted those attorney's fees and costs from the recovery. And then the statute, if you look at the statute, once it talks about the recovery, then it talks about the reimbursement. And here's where counsel kind of confuses these terms. Reimbursement here is there are two elements. It's a refund and a credit. And it requires that once you get a recovery and you deduct the attorney's fees and costs, you now have to reimburse the government both for the compensation that was paid and what, if there's anything left over, any future compensation. And then the statute goes on to make further requirements. One is the government gets paid first, which we always appreciate. And then it talks about what the claimant can retain. In this case, the statute in that section talks about the statutory minimum of 20 percent after deducting expenses. And then it talks about the amount equivalent to a reasonable attorney's fees proportionate to the refund. That is the only place that the statute talks about deducting money from the refund. And it explicitly says attorney's fees. Congress knew how to write this statute. It already made the distinction between attorney's fees and costs prior. It did so, again, in the statutory minimum. And here it just said attorney's fees. And that's what Congress thought was fair and appropriate. And that's what the Secretary has to do when determining that it's fair and appropriate. What I should point out that in Appellant's theory of reading the statute, he actually, the results would be much more onerous on his own clients. Because if you read the word, therefore, forward to deduct it, and he says in his reply brief that you cannot and should not read it backwards. So we shouldn't be deducting any attorney's fees and costs from the recovery. So you would have the, in this case, there was $1.7 million that we allocated to his client. Then you'd have the statutory minimum, which was $220,000. So now we're down to about $201.5 million. And then you would calculate the refund. In this case, he took out attorney's fees and costs. And he comes up with $200,000. So now we have a surplus. And the surplus is the difference between what was paid and what is left over. So you have the $1.5 million minus the $400,000 in compensation costs. So he has a surplus of $1.1 million. You add on the refund. So he's going to have to reimburse the government $1.3 million. Under the government's formula, we have approximately $470,000 in credit and $270,000 in refund, which adds up to about $745,000. So we're taking a third of this recovery. Under appellant's theory, we would be able to take almost over half. So maybe the government should adopt his argument. I guess so. I mean, the government always likes to get its money. And these times, especially, we're always looking for more money. But that's not what Congress intended. We really are required to follow the explicit terms of the statute. The court said that in Lorenzetti. Thank you. Okay. This case for this session stays adjourned.
judges: Burns, Kozinski, Paez